IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A. KAMI COLE,                )<br>                              )<br>    Plaintiff,                )<br>                              )   CIVIL ACTION FILE<br>v.                            )<br>                              )   NO. _____<br>BENNETT LAW PLLC,             )<br>                              )<br>    Defendant.                )| |

**COMPLAINT FOR DAMAGES AND**
**DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.

This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA")

**JURISDICTION AND VENUE**

2.

Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and/or 28 U.S.C. § 1337.

3.

Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here and the Defendant regularly transacts business here.

## PARTIES

4.

Plaintiff A. Kami Cole (hereinafter "Plaintiff") is a natural person residing currently in DeKalb County, Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.

Bennett Law PLLC (hereinafter "Defendant") is a third-party debt collection agency with its principal place of business in South Jordan, Utah, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant may be served by serving its registered agent, Mara Satterthwaite, at 703 S. 8th Street, Las Vegas, Nevada, 89101.

6.

That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect a debt allegedly owed to another.

7.

The acts of the Defendant alleged hereinafter were performed by employees of Defendant acting within the scope of their actual or apparent authority.

**FACTUAL ALLEGATIONS**

8.

Plaintiff incurred a debt (hereinafter referred to as the "Subject Debt").

9.

The Subject Debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family or household purposes.

10.

That the Subject Debt was a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.

Plaintiff defaulted on the Subject Debt.

12.

Upon information and belief, Defendant was engaged by the original creditor to attempt to collect the Subject Debt from Plaintiff.

13.

At some point thereafter, and within the one- year statute of limitation imposed by the FDCPA, employees of Defendant began calling Plaintiff attempting to collect the above-referenced debt.

14.

Upon information and belief, at some point during attempts to collect the debt, an employee or employees of Defendant called a telephone number not belonging to Plaintiff and disclosed the existence of the Subject Debt to a third party.

15.

The disclosure of the existence of the debt caused emotional distress, humiliation and embarrassment to Plaintiff.

16.

At some point during conversations with Plaintiff, an employee or employees of Defendant threatened to take action in the form of an imminent lawsuit to collect the debt if Plaintiff did not pay the Subject Debt.

17.

All telephone calls made to Plaintiff by employees of Defendant were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## CAUSE OF ACTION

18.

Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17 above.

19.

Plaintiffs allege that Defendant violated provisions of the FDCPA, including, but not limited to: 15 U.S.C. §1692c(b); by reason of its conduct, statements and representations described in this complaint.

20.

As a result of Defendant's violations of the FDCPA, the Plaintiff has suffered actual damages, emotional distress and is entitled to an award of actual damages, statutory damages, costs and their attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

d) Such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

This 4th day of January, 2011.

_____
JOHN C. FORBES, JR.
Georgia Bar No. 267709

Attorney for Plaintiff

THE LAW OFFICES OF MARK A. CAREY, P.C.
6 Concourse Parkway
Suite 1500
Atlanta, Georgia 30328
(678) 341-5550