IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A. KAMI COLE, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:11-cv-00017-TCB-RGV |
| BENNETT LAW PLLC | : |
| Defendant. | : |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and

any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 10th day of June, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A. KAMI COLE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BENNETT LAW PLLC<br><br>　　　　Defendant. | CIVIL ACTION NO.<br><br>1:11-cv-00017-TCB-RGV |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

A. Kami Cole ("plaintiff") brings this action against Bennett Law PLLC ("defendant"), under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. [Doc. 1]. Defendant was served with a copy of the complaint and summons on January 7, 2010. [Doc. 4; Doc. 5 at 4]. Defendant failed to answer or file any pleading in this case, and on March 14, 2011, default was entered against it. [Docket Entry dated 03/14/2011; see also Doc. 5]. Plaintiff now moves for entry of default judgment against defendant, [Doc. 5], and defendant has not responded. Therefore, plaintiff's motion is deemed unopposed. LR 7.1B, NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion."). However, because plaintiff's complaint does not adequately plead a violation of the FDCPA sufficient to support entry of default judgment, the undersigned **RECOMMENDS** that plaintiff's motion for entry of default judgment, [Doc. 5], be **DENIED**, but that

plaintiff be granted leave to amend the complaint to cure the deficiencies noted herein.

## I.   STANDARD

Federal Rule of Civil Procedure 55(b)(2) grants the Court the authority to enter default judgment against a defaulting party.  Fed. R. Civ. P. 55(b).  See also Taylor v. Wachovia Mortg. Corp., Civil Action File No. 1:07-CV-2671-TWT, 2009 WL 249353, at *11 (N.D. Ga. Jan. 30, 2009), adopted at *1.  "The effect of the entry of a default is that all of the factual allegations in the [c]omplaint are taken as true, save for the amount of unspecified damages."  Rodriguez v. Fla. First Fin. Grp., Inc., No. 6:06-cv-1678-Orl-28DAB, 2009 WL 535980, at *2 (M.D. Fla. Mar. 3, 2009), adopted at *1.  "Thus, if liability is well-plead in the complaint, it is established by the entry of a default."  Id. (citation omitted).

However, "[a] court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment."  Id. (citation omitted).  See also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002), adopted at 1356 ("A default judgment cannot stand on a complaint that fails to state a claim.") (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 (11th Cir. 1997) (citation omitted)).  In addition, "unless the award sought is for a 'sum certain

or a sum that can be made certain by computation,' the Court must hold a hearing to determine the proper amount of damages before it enters default judgment." Taylor, 2009 WL 249353, at *11 (citations omitted). See also Campbell v. Humphries, 353 F. App'x 334, 337 (11th Cir. 2009) (per curiam) (unpublished). However, "[w]here the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required." Taylor, 2009 WL 249353, at *11 (internal marks and citations omitted).

## II.   PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges that, while acting as a consumer (as defined by the FDCPA), she incurred a debt owed to an unidentified creditor for the purchase of primarily personal, family, or household goods or services. [Doc. 1 ¶¶ 4, 8-9]. Plaintiff thereafter defaulted on this debt, and defendant, acting as a debt collector on behalf of the creditor, began calling plaintiff in an attempt to collect the debt. [Id. ¶¶ 5-7, 11-13]. While attempting to contact plaintiff by telephone, defendant allegedly called a number not belonging to plaintiff, and disclosed the existence of plaintiff's debt to an unidentified third party, causing plaintiff emotional distress, humiliation, and embarrassment. [Id. ¶¶ 11-15]. Additionally, while contacting plaintiff, an employee or employees of defendant threatened to file an "imminent lawsuit" to

collect the debt if plaintiff did not pay. [Id. ¶ 16]. Based on these allegations, plaintiff claims that defendant violated 15 U.S.C. § 1692c(b), and seeks actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages under 15 U.S.C. § 1692k(a)(2)(A), and costs, disbursements, and reasonable attorney's fees allowable under 15 U.S.C. § 1692k.[1] [Id. ¶ 20].

### III.  DISCUSSION

Plaintiff claims that defendant's disclosure of plaintiff's debt to a third party violates 15 U.S.C. § 1692c(b). [Id. ¶ 14]. 15 U.S.C. § 1692c(b) provides:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b); see also Taylor v. Heath W. Williams, L.L.C., 510 F. Supp. 2d 1206, 1215-17 (N.D. Ga. 2007). Accepting the facts alleged in plaintiff's complaint as true, the Court cannot determine that defendant violated the FDCPA. Plaintiff's allegation that "[u]pon information and belief, at some point during attempts to collect the debt, an employee or employees of Defendant called a telephone number

---

[1] Specifically, plaintiff's motion for default judgment seeks $1,000.00 in statutory damages, $2,500.00 in attorney's fees, and $450.00 in court costs. [Doc. 5 at 1].

not belonging to Plaintiff and disclosed the existence of the Subject Debt to a third party" is insufficient to properly state a violation of the FDCPA, and is merely a "'[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements.'" Frazer v. IPM Corp. of Brevard, Inc., Civil Action No. 1:10–CV–1698–WCO–AJB, 2011 WL 727777, at *2 (N.D. Ga. Mar. 3, 2011) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). Plaintiff's allegation fails to state who was contacted, the reason for the contact, or the subject matter of the conversation, and it is not clear that the individual contacted and the type of contact were not subject to one of several exceptions to debt collector liability for contacting third parties under 15 U.S.C. § 1692c(b). See id; 15 U.S.C. § 1692b. In short, plaintiff's allegation lacks the necessary factual predicate from which the Court could conclude that defendant violated the FDCPA. "[W]hile the Court must accept the facts pleaded in the Complaint as true, the Court need not accept as true conclusory allegations or legal characterizations," and therefore, plaintiff is not entitled to an award of damages for a claim premised on a violation of 15 U.S.C. § 1692c(b). Frazer, 2011 WL 727777, at *2 (quoting Hill v. Saxon Mortg. Servs., Inc., Civil Action No. 1:09-CV-1078-RLV, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009)) (alteration in original) (internal marks omitted).

Plaintiff's complaint presents another potential violation of the FDCPA where it alleges that "[a]t some point during conversations with Plaintiff, an employee or employees of Defendant threatened to take action in the form of an imminent lawsuit to collect the debt if Plaintiff did not pay the Subject Debt."  [Doc. 1 ¶ 16]. The FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5); see also Owen v. I.C. System, Inc., 629 F.3d 1263, 1269 (11th Cir. 2011).  Plaintiff fails to allege, however, that any statement related to the filing of a lawsuit was false, deceptive, or misleading:  plaintiff alleges that she owed the debt and defaulted on it, but has not alleged that defendant either could not legally file a lawsuit, or that defendant did not intend to do so.  Compare Malowney v. Bush/Ross, No. 8:09-CV-1189-T-30TGW, 2009 WL 3806161, at *8-9 (M.D. Fla. Nov. 12, 2009) (denying plaintiff's motion for default judgment against certain defendants where complaint similarly failed to make proper allegations that those defendants engaged in conduct that, if true, would violate the FDCPA) with Frazier v. Absolute Collection Serv., Inc., Civil Action File No. 1:10-CV-2110-TWT, 2011 WL 529997, at *5 (N.D. Ga. Feb. 3, 2011), adopted at *1 (motion for default judgment on FDCPA violation granted where "[t]he allegations in Plaintiff's

complaint and declaration demonstrate a violation of § 1692e(11). Plaintiff states that Defendant left messages without identifying that they were from a debt collector.") and <u>Myrick v. Distribution and Acquisition Network</u>, No. 8:09-cv-1391-T-33TBM, 2010 WL 2179112, at *3 (M.D. Fla. Apr. 28, 2010), adopted by 2010 WL 2179128, at *1 (M.D. Fla. June 1, 2010) ("Plaintiff also alleges that Defendant violated § 1692e by falsely representing that it was calling from a law firm, threatening to take legal action that could not legally be taken or it did not intend to take, and using false representations and/or deceptive means to collect a debt. While these allegations are bare-boned, they track the statutory language and adequately set forth an adequate legal basis for the entry of judgment under Rule 55(b)(2).").

Plaintiff has therefore failed to state a claim for a violation of 15 U.S.C. § 1692e, and the Court has no other basis from which to conclude that defendant has violated the FDCPA. Since plaintiff's only claims raised by the complaint are under 15 U.S.C. §§ 1692c and 1692e, plaintiff is not due to be granted an award of damages, costs, or fees pursuant to entry of default judgment despite defendant's failure to answer or otherwise appear to defend this action.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that plaintiff's motion for entry of default judgment, [Doc. 5], be **DENIED**. If the District Court adopts this recommendation, it is further **RECOMMENDED** that plaintiff be granted leave to file an amended complaint that properly states a claim for relief within 20 days of the Court's ruling, and if plaintiff fails to comply with the Court's directive, that plaintiff's complaint be dismissed. See Taverna Opa Trademark Corp. v. Ismail, No. 08-20776-CIV, 2009 WL 1220513, at *1 (S.D. Fla. Apr. 30, 2009) (denying plaintiff's unopposed motion for default judgment, but granting 20 days leave to amend deficient complaint); Lusby v. Hill, No. 2:05-cv-529-FtM-29DNF, 2006 WL 3842196, at *2 (M.D. Fla. Dec. 13, 2006) (same, but granting 30 days leave to amend or face dismissal).

**IT IS SO RECOMMENDED** this 10th day of June, 2011.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE